(No. 34390.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT OUTTEN, Plaintiff in Error.

*Opinion filed January 24, 1958.*

JAMES Y. CARTER, and LYCURGUS J. CONNER, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, BRUCE E. KAUFMAN, L. LOUIS KARTON, and FRANCIS X. RILEY, of counsel,) for the People.

Mr. CHIEF JUSTICE DAVIS delivered the opinion of the court:

On a bench trial before the criminal court of Cook County, the defendant, Robert Outten, was found guilty of the unauthorized sale of narcotic drugs in violation of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1955, chap. 38, pars. 192.2, 192.23,) and was sentenced to the penitentiary for a term of 5 to 15 years. A writ of error has been sued out of this court and the defendant here urges that he was entrapped by police officers and for that reason the judgment of conviction should not stand.

The evidence for the People established that Robert Smith, a known narcotics addict, was arrested on a charge of petty larceny. The next day he was taken to the Narcotics Bureau in the city of Chicago where two policemen made a thorough search of his clothing and person and ascertained that he had no narcotics in his possession. They then gave him certain money in the form of currency and made a memorandum of its serial numbers, which was signed by Smith. The officers then took him to a gasoline station at Sixtieth and Michigan where one of them dialed a telephone number, furnished by Smith who talked to a person whom he identified at the trial as the defendant. Smith stated that he had called the same telephone number 45 or 50 times before and recognized the answering voice as that of defendant. A meeting was arranged to take place at a restaurant located at Seventy-ninth and State streets. The officers took Smith to the restaurant where one of them entered with him. The defendant came in shortly and, after eating a bowl of chili, left the premises with Smith. No conversation of any consequence took place between Smith and the defendant while in the restaurant. On leaving they entered defendant's automobile, proceeded only a short distance when Smith gave defendant $14 and defendant handed him an envelope

containing a white powder which was stipulated at the trial to be heroin. When the transaction was completed, Smith, by handkerchief, signalled the officers who had followed in another car, and defendant was arrested immediately. The officers searched the defendant, found the currency, and at the trial identified it as the money they gave Smith. Both the envelope containing white powder, which Smith testified he obtained from the defendant, and the currency were received in evidence without objection.

The defendant, the sole witness for the defense, admitted that he knew Smith and had frequently talked to him on the telephone; denied that he handed the envelope containing heroin to Smith; admitted receiving the money, but claimed that it was in partial payment of a loan of $17 which Smith owed him.

Entrapment is the conception and planning of an offense by an officer or other person and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion or fraud of the entrapper. (*People* v. *Guagliata,* 362 Ill. 427; *In re Horwitz,* 360 Ill. 313; *Sorrells* v. *United States,* 287 U.S. 435, 77 L. ed. 413; 15 Am. Jur. 25, par. 336.) As a general rule, entrapment can exist only when the criminal intent originates in the mind of the entrapping officer, and if such intent arose in the mind of the accused there is no entrapment, though officers may afford an opportunity for the commission of the offense and use artifice and strategem to apprehend one actually engaged in a criminal enterprise. It is not an instigation to perpetrate a crime if an officer, having reason to believe another is committing a crime, furnishes an opportunity for the commission of the offense, when the purpose is, in good faith to secure evidence against a guilty person and not to induce an innocent person to violate the law. (*People* v. *Clark,* 7 Ill.2d 163; *People* v. *Lewis,* 365 Ill. 156; *People* v. *Guagliata,* 362 Ill. 427; *People* v. *Ficke,* 343 Ill. 367; 15 Am. Jur. 24, par.

335.) The distinction between what may and may not be done by way of entrapment is clearly made in an annotation in 86 A.L.R. 249 where it is stated that officers may afford opportunities or facilities for the commission of crime, and may use artifice to catch those engaged in criminal ventures, but entrapment constitutes a valid defense if the officers inspire, incite, persuade or lure the defendant to commit a crime which he otherwise had no intention of perpetrating. (Also see *People* v. *Clark*, 7 Ill.2d 163, 170.) The law frowns upon the seduction of an otherwise innocent person into a criminal career but tolerates the use of decoys and various other artifices to catch the criminal. (*People* v. *Schwartz*, 109 Cal. App. 2d 450, 240 P.2d 1024.) Resort to such practices to enforce the law and punish its violation becomes necessary "in view of the well-known facts that criminals usually work in secrecy and that some unlawful practices are encouraged and protected by a large class of citizens." 15 Am. Jur. 24, par. 335.

The defendant urges that he was unlawfully entrapped, and bases this contention upon an alleged absence of proof that he had been engaged in prior violations of the narcotics law, or direct evidence that the officers knew of any such violations prior to the transaction leading to his arrest. He argues that in absence of such showing by direct evidence, it must be concluded that there was entrapment. However, he did not defend at the trial on the ground that he was entrapped into making the sale, but rather denied that he delivered the envelope containing heroin to Smith. While the defense of entrapment need not be specially pleaded, yet it is affirmative in nature and must be urged at the trial, if it is to be raised on appeal. The defendant cannot here invoke this defense in that, at the trial, he did neither admit the unauthorized sale of the heroin to Smith, nor offer evidence to prove that he was lured, induced or persuaded to so act by police officers, and would not have committed the offense except for the persuasion of the

entrappers. (*People v. Moran*, 378 Ill. 461, 470, 471; *People v. Parker*, 310 Ill. App. 307, 336; *Nutter v. United States*, 289 Fed. 484; *People v. Lee*, 9 Cal. App 2d 99, 48 P.2d 1003; *People v. Johnson*, 99 Cal. App. 2d 559, 222 P.2d 58; *People v. Schwartz*, 109 Cal. App. 2d 450, 240 P.2d 1024.) Unless the defense of entrapment is raised, direct proof of prior violations by defendant is inadmissible under the general rules of evidence, as modified by recognized exceptions. (McCormick on Evidence, pages 326-333, par. 157; Cleary, Handbook of Illinois Evidence, pages 88, 89, par. 7.10; *Farris v. People*, 129 Ill. 521.) When the defense is invoked, the predisposition and criminal design of the defendant becomes relevant, and the People may then introduce such evidence relating thereto as bears upon the issue of entrapment. (*Demos v. United States*, 205 F.2d 596; *United States v. Sherman*, 200 F.2d 880; *Carlton v. United States*, 198 F.2d 795; Annotation: 33 A.L.R.2d 883, 908-910 incl.) Since there is no suggestion of the defense of entrapment in the record, the defendant cannot raise the question in this court for the first time.

However, we are also of the opinion that the judgment must be affirmed if we resolve the case on its merit. From all the evidence, it is reasonable to conclude that the criminal intent originated in the mind of the defendant, and that he was not induced by the officers to perpetrate a crime which he would not otherwise have committed. They did not converse with him prior to his arrest, and the information by which the police were enabled to contact him was supplied by a known narcotics addict who testified that he had previously, on many occasions, contacted the defendant by the use of that particular telephone number. The defendant speedily responded to the call. The parties met at the appointed restaurant within a very short time, where there was but little talk between them, none of which pertained to narcotics. They then went to the de-

fendant's car where the transaction proceeded swiftly, without conversation.

The procedure followed in connection with this incident supports the conclusion that both the defendant and Smith knew the purpose for which the meeting had been arranged, and that it followed the pattern of similar prior occasions. The evidence in the record depicts the defendant as one adept at peddling, in the process of making a quick sale. The testimony before us establishes that he had possession of heroin and an intent and purpose to violate the statute either before or immediately following the telephone conversation with Smith. The officers did no affirmative act to originate in his mind a desire to violate the law, or to incite or persuade him to sell heroin. They did, as they had a right to do, afford him an opportunity to make a sale, which he readily accepted. The evidence leaves us unpersuaded that he was an innocent person without intent or disposition to violate the law, who did so only when overreached by the untoward entreaty of police officers. Under the circumstances we do not hesitate to find that there was no entrapment. This case, on its facts, is similar to *People* v. *Clark,* 7 Ill.2d 163, in which we held that the defense of entrapment was untenable.

The record establishes the guilt of the defendant beyond a reasonable doubt and the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*