(No. 36556.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALLEN J. CLARK, Plaintiff in Error.

*Opinion filed September 28, 1962.*

PAUL L. BRADY, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and WILLIAM L. CARLIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

At a bench trial in the criminal court of Cook County, Allen J. Clark was convicted of the unlawful sale of narcotics and sentenced to confinement in the penitentiary for a term of 10 years to 10 years and 1 day. Defendant asserts

that the conviction should be set aside because the evidence shows that he was guilty of unlawful possession but not the unlawful sale of narcotics and because he was entrapped by the police.

The undisputed evidence reveals that officer Thomas Kearns and Jack Bailey, an informer, went to defendant's apartment and told him they wanted to purchase narcotics. The defendant agreed to sell them some and accepted $20. Officer Kearns and the informer waited at the apartment while defendant went to secure the narcotics. Defendant purchased 5 packages of heroin and returned. There is a dispute as to what happened when defendant returned to the apartment. Officer Kearns and Bailey testified that defendant gave the packages to Kearns, that Kearns went into the kitchenette and performed a field test on the contents of one package and that defendant was then arrested. Defendant testified that when he entered the apartment officer Kearns drew his pistol, arrested him and took the five packages from his pockets.

Defendant argues here, as he did in the trial court, that he is not guilty of unlawfully selling narcotics because he did not deliver or hand the narcotics to officer Kearns or Bailey. The trial judge chose, however, to believe the testimony that defendant voluntarily handed the packages to Kearns before he was arrested. We will not set aside a conviction which depends upon the credibility of the witnesses and weight to be accorded their testimony unless it is necessary to prevent apparent injustice. (*People* v. *Saisi*, 24 Ill.2d 274.) This record shows that the trial court was justified in finding defendant guilty of unlawfully selling narcotics.

There is no evidence in the record to support defendant's assertion that he was entrapped by the police. All the testimony, including that of the defendant, shows that officer Kearns and Bailey merely told defendant they wanted to purchase narcotics and defendant agreed to sell

some to them. Defendant was not induced by the police to perpetrate a crime which he would not otherwise have committed. See *People* v. *Outten,* 13 Ill.2d 21.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*