(No. 37017.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIE TOLER, Plaintiff in Error.

*Opinion filed Sept. 28, 1962.—Rehearing denied Nov. 29, 1962.*

SCHAEFER and KLINGBIEL, J.J., dissenting.

JULIUS LUCIUS ECHELES, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Willie Toler, was indicted in the criminal court of Cook County on charges of having unlawfully

sold narcotic drugs to Richard Tracy on June 8 and 11, 1959. Tracy, a Chicago police officer, had been introduced to defendant by Edward Unsell, a former fellow employee of defendant at a water-pumping station, and who was then working as a special employee of the State's Attorney's office. Defendant pleaded not guilty and waived a jury trial, but was subsequently found guilty after a bench trial and sentenced to the penitentiary for a term of not less than ten nor more than twelve years. Upon this writ of error the single contention made is that, under the evidence, defendant should have been discharged because he was entrapped into committing the crimes.

Past decisions of this court establish that entrapment constitutes a valid defense if officers of the law inspire, incite, persuade or lure a defendant to commit a crime which he otherwise had no intention of perpetrating. (*People* v. *Outten,* 13 Ill.2d 21; *People* v. *Clark,* 7 Ill.2d 163.) At the same time, however, it is equally well settled that officers may afford opportunities or facilities for the commission of crime, or may use artifice to catch those engaged in criminal ventures, and that the defense of entrapment is not available to one who has the intent and design to commit a criminal offense, and who does commit the essential acts constituting it, merely because an officer, for the purpose of securing evidence, affords such person the opportunity to commit the criminal act, or purposely aids and encourages him in its perpetration. *People* v. *McSmith,* 23 Ill.2d 87; 14 I.L.P., Criminal Law, sec. 50.

The testimony of the defendant paints a picture of an innocent man who, after being approached by Unsell some twenty times in an effort to get narcotics, finally succumbed to an appeal to his sympathy by Tracy. The latter told him that he worked for a dentist who had a son who was a narcotics addict, that he wanted some "good stuff," that he might need as much as three or four thousand dollars worth and that he wanted a sample. Defendant stated that he

purchased narcotics, without profit to himself, to aid a narcotics addict who was sick. (Cf. *Sherman* v. *United States,* 356 U.S. 369, 2 L. ed. 2d 848.) The proof introduced by the People reflects two sales of narcotics by defendant when the funds were shown to be available, and an intent and willingness on the part of the defendant to commit the crime, shown by his ready complaisance and quick access to substantial quantities of illegal narcotics. We are of the opinion that the officer and special employee did no more than afford defendant the opportunity to commit a criminal act of his own design, and that their actions did not constitute entrapment. (Cf. *People* v. *McSmith,* 23 Ill.2d 87; *United States* v. *Perkins,* (7th cir.) 190 F.2d 49.) The record also shows a circumstance hardly compatible with naivete and innocence, an elaborate system of delivery devised by defendant whereby the narcotics were never actually seen in his possession.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCHAEFER, dissenting:

The evidence on the issue of entrapment in this case is not conflicting, and I think that it establishes that the defendant was entrapped. The police officer, Richard Tracy, testified as follows concerning the meeting at which Unsell introduced him to the defendant:

"A. During the course of the conversation I told Mr. Toler I was working for a dentist and this dentist had a son that was a narcotic addict and because of the new prescription law it was impossible for this dentist to obtain narcotics legally for his son and the son was in need of narcotics, and we were looking for some good stuff, some good heroin, if we could get it off the street at least this occasion because he was in pretty bad shape; we didn't think he would live very long.

Q. Indicate how much you wanted?

A. I told—we talked about getting a very large amount, possibly three or $4000 worth of narcotics, and at that time I indicated to Toler I would like to buy a sample for approximately $100, and I asked him how much stuff he could get me for $100."

The defendant testified that he and Unsell were close friends, and that Unsell had approached him many times, telling him that he wanted narcotics for a friend who was sick and had only a year to live.

On cross-examination, the informer, Unsell, who was called as a rebuttal witness, testified as follows:

"Q. Isn't it a fact you told the defendant, Willie Toler here, you had a customer who needed some narcotics badly because he was ill and had about a year to live?

A. Not customer, No.

Q. Did you tell him anyone?

A. Yes.

Q. Whom?"

At this point the prosecution objected on the ground that the cross-examination was going beyond the scope of the direct, and the court sustained the objection saying "This is a rebuttal witness."

There is no showing in the record that apart from the two occasions involved in this case the defendant had ever had any transactions with narcotics or that he had any criminal record whatsoever. Under these circumstances I am of the opinion that the defense of entrapment was established and that the judgment should be reversed.

Mr. JUSTICE KLINGBIEL concurs in this dissent.