**UNITED STATES of America ex rel. Walter HALL, Petitioner-Appellant,**

v.

**PEOPLE OF the STATE OF ILLINOIS, Respondent-Appellee.**

**No. 14352.**

United States Court of Appeals
Seventh Circuit.

March 19, 1964.

Rehearing Denied April 14, 1964.

M. Finley Maxson, Chicago, Ill., for appellant.

William G. Clark, Atty. Gen., of Illinois, Edward Berman, Asst. Atty. Gen., Chicago, Ill., William C. Wines, Asst. Atty. Gen., of counsel, for appellee.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

Petitioner Walter Hall has appealed from a denial by the United States District Court for the Northern District of Illinois, without a hearing of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2241.

In an indictment returned in the Criminal Court of Cook County, Illinois, petitioner was charged with the unlawful sale and possession of narcotic drugs, in violation of Illinois law. After a bench trial he was found guilty by the court and sentenced.

Petitioner was represented in the state court trial by court appointed counsel. No complaint has been made concerning the competency of his counsel.

In his state court trial, petitioner unsuccessfully asserted entrapment as a defense. Illinois has long recognized entrapment as a defense in cases of this character. People v. Strong, 21 Ill.2d 320, 172 N.E.2d 765 (1961). It has also recognized entrapment as a defense in criminal actions by the enactment of an

appropriate statute. Ill.Rev.Stat. ch. 38 § 7–12 (1961).[1]

Petitioner appealed his conviction to the Supreme Court of Illinois. He was ably represented on that appeal by separate counsel appointed by the court. As grounds for reversal, petitioner made the contentions "that his undisputed testimony established a defense of entrapment as a matter of law, and that the means by which the police secured his arrest and conviction denied him due process of law." After fully setting out the evidence surrounding the alleged entrapment, the court held there was no entrapment and affirmed the judgment of conviction. People v. Hall, 25 Ill.2d 297–301, 185 N.E.2d 143 (1962).

In considering the asserted defense of entrapment, the Supreme Court of Illinois applied to the facts the state standards as defined in People v. McSmith, 23 Ill.2d 87, 178 N.E.2d 641 (1961); People v. Strong, 21 Ill.2d 320, 172 N.E.2d 765 (1961); People v. Shannon, 15 Ill.2d 494, 155 N.E.2d 578 (1959); People v. Outten, 13 Ill.2d 21, 147 N.E.2d 284 (1958); and People v. Clark, 7 Ill.2d 163, 130 N.E.2d 195 (1955). The court further took notice of and applied federal standards as laid down in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932) and Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L. Ed.2d 848 (1958).

The United States Supreme Court denied certiorari. Hall v. Illinois, 374 U. S. 849, 83 S.Ct. 1912, 10 L.Ed.2d 1069 (1963).

Petitioner filed his instant petition for a writ of habeas corpus in the district court on forms approved by such court pursuant to its General Rule 23, for persons in state custody. It appears therein that petitioner relied on the same grounds he unsuccessfully pursued in the state courts.

On this appeal, petitioner contends that freedom from entrapment is a right protected under the Due Process Clause of the federal Constitution and is thus properly raised in his federal habeas corpus petition. He then charges that the Illinois courts erred as a matter of law in holding that he was not entrapped.

We are met with the threshold question of whether jurisdiction lies in the federal district court to entertain this petition for habeas corpus grounded on an issue relating solely to the defense of entrapment in the state courts of Illinois.

This would appear to be a case of first impression on this constitutional issue. Entrapment has long been recognized as a defense in state and federal jurisdictions. However, no case has been cited to us and we have been unable to find one in which a federal court has reviewed or refused to review a state court determination concerning entrapment in a habeas corpus proceeding.

In this case, petitioner does not dispute or challenge the facts as determined by the Supreme Court of Illinois. The relevant facts surrounding the alleged entrapment are set out in its opinion. People v. Hall, 25 Ill.2d at 298–300, 185 N.E.2d 143. Petitioner asserts that such facts establish entrapment as a matter of law.

█ In federal habeas corpus, the standards governing review of state court convictions were fully established by the Supreme Court in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770 (1963). "Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." Id.,

1. "7–12. § 7–12. Entrapment.] A person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person. However, this Section is inapplicable if a public officer or employee, or agent of either, merely affords to such person the opportunity or facility for committing an offense in furtherance of a criminal purpose which such person has originated."

372 U.S. at 312, 83 S.Ct. at 757, 9 L. Ed.2d 770. "Although the district judge may, where the state court has reliably found the relevant facts, defer to the state court's findings of fact, he may not defer to its findings of law. It is the district judge's duty to apply the applicable federal law to the state court fact findings independently. The state conclusions of law may not be given binding weight on habeas." Id., 372 U.S. at 318, 83 S.Ct. at 760, 9 L.Ed.2d 770. Accord, United States ex rel. Stacey v. Pate, 7 Cir., 324 F.2d 934, 935 (1963).

Thus, since the facts were reliably found by the state court, the district court here was not required to hold an evidentiary hearing. It was required only to make an independent application of federal law to such facts, if freedom from entrapment is a protected right under the federal Constitution.

■ To date, the defense of entrapment has been solely a matter of local concern. This is generally true of other recognized defenses to state defined crimes. It is a recognition of the power lodged in a state to punish the violation of proscribed conduct and establish defenses thereto.

■ Almost all states have recognized the defense of entrapment. This is based on the policy of not convicting persons who have no preconceived criminal disposition until such disposition is implanted by government agents. There would appear to be some question whether Tennessee[2] and New York[3] have extended this recognition.

The Supreme Court first established the availability of entrapment as a, defense to a federal crime in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932), following "the weight of authority in the lower federal courts" at that time. Id., 287 U.S. at 443, 53 S.Ct. at 213, 77 L.Ed. 413. While the Court was in agreement that entrap-

ment was a complete defense to the crime charged (a violation of the National Prohibition Act), it disagreed on the definition of entrapment.

Mr. Chief Justice Hughes, speaking for the majority in Sorrells, defined entrapment to exist "when the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute." Id., 287 U.S. at 442, 53 S.Ct. at 212, 77 L.Ed. 413. This appears to be generally accepted by most courts today. 22 C.J.S. Criminal Law § 45(2) (1961).

Speaking for the minority, Mr. Justice Roberts would hold "that courts must be closed to the trial of a crime instigated by the government's own agents," without regard to the criminal disposition of the accused. Id., 287 U.S. at 459, 53 S. Ct. at 219, 77 L.Ed. 413.

The Supreme Court, speaking through Mr. Chief Justice Warren, reaffirmed the majority holding in Sorrells, in Sherman v. United States, 356 U.S. 369, 78 S. Ct. 819, 2 L.Ed.2d 848 (1958), and declined to follow the minority view as stated by Mr. Justice Roberts in Sorrells. Id., 356 U.S. at 376–377, 78 S.Ct. 819, 2 L.Ed.2d 848. (See separate opinion by Mr. Justice Frankfurter, 356 U.S. at 378, 78 S.Ct. 819, 2 L.Ed.2d 848).

In Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684, 6 L.Ed.2d 1081 (1961), it was held that all evidence obtained by searches and seizures in violation of the federal Constitution is inadmissible in a criminal trial in a state court, overruling Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949), insofar as it held to the contrary. Petitioner contends here that entrapment is analogous to the rule concerning unlawful searches and seizures. It follows, he argues, that the Due Process Clause of the federal Constitution pre-

---

**2.** See Goins v. State, 192 Tenn. 32, 237 S. W.2d 8 (1950); Thomas v. State, 182 Tenn. 380, 187 S.W.2d 529 (1945).

**3.** See People on Complaint of Klein v. Schacher, City Magistrate's Court of N. Y., 47 N.Y.S.2d 371, 372 (1944).

cludes the admission of evidence obtained through entrapment in state court criminal trials. We disagree.

In Mapp, the Court was confronted with an inapposite situation from the one before us. Unlawful searches and seizures are condemned by the Fourth Amendment. The Court was dealing with an exclusionary rule laid down in 1914 in Weeks v. United States, 232 U. S. 383, 34 S.Ct. 341, 58 L.Ed. 652. Thirty-five years later, in Wolf v. Colorado, 338 U.S. 25, 29, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949), the Court found that thirty-one states had rejected the Weeks doctrine, resorting to other remedies, and that sixteen states had accepted it.

In "holding that the exclusionary rule is an essential part of both the Fourth and Fourteenth Amendments" in Mapp (367 U.S. at 657, 81 S.Ct. at 1693, 6 L.Ed.2d 1081), the Court was moved by its finding that other methods employed by the states were "worthless and futile" (367 U.S. at 652, 81 S.Ct. 1684, 6 L.Ed. 2d 1081), and did not satisfy due process.

■■■ There is no showing here, and we believe there can be none, that the several states have not assiduously afforded an accused the unfettered protection of the defense of entrapment, when the facts establish the coercive effect of the employment of lawless enforcement of the law. The same course of conduct has been observed by the federal judiciary in preserving its own integrity in the exercise of its judicial power. It is quite apparent that both state and federal courts are applying the same standards concerning entrapment as have been indicated in Sorrells and Sherman.

In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Supreme Court overruled the twenty-one year old precedent of Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), holding that an indigent defendant in a state noncapital criminal case has a fundamental right to the assistance of counsel under the Fourteenth Amendment. Here again we see there had been a failure by many states to recognize their "front-line responsibility for the enforcement of constitutional rights," established in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and codified in Rule 44, Federal Rules of Criminal Procedure, 18 U.S.C.A.[4] See separate opinion of Mr. Justice Harlan, Gideon v. Wainwright, supra, 372 U.S. at 350–351, 83 S.Ct. at 800, 9 L.Ed.2d 799.

For the same reasons, we reject petitioner's attempt to analogize entrapment with the exclusionary rule relating to coerced confessions.

■■ ■■ In protecting the rights of an accused asserting a defense of entrapment, the courts are not concerned with the exclusion of evidence. They are commanded to permit a full and sweeping disclosure of all evidence surrounding the transaction which affords the basis for the crime charged. The same acts may or may not constitute entrapment, depending upon the "conduct and predisposition" of the accused. Sherman v. United States, supra, 356 U.S. at 373, 78 S.Ct. 819, 2 L.Ed.2d 848; Sorrells v. United States, supra, 287 U.S. at 451, 53 S.Ct. 210, 77 L.Ed. 413.

In Sherman and Sorrells, it is clear that under proper circumstances it is permissible for government officials to use decoys to afford opportunities or facilities for the commission of an offense. The "line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal." The factors relevant to this determination have been spelled out in Sorrells. These tests have evolved from statutory construction and a concern that criminal statutes not be enforced through tempting innocent persons into violations. These concerns flow

---

**4.** "Rule 44. Assignment of Counsel
"If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel."

from the doctrine of estoppel, the public interest and the formulation and application of decent standards in the enforcement of criminal law.

Judge Parker, in Sorrells v. United States, 4 Cir., 57 F.2d 973 (1932), reversed on other grounds, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, expressed the view that:

"There is no analogy between the rule here under consideration [entrapment] and that which forbids the use on the trial of evidence obtained by a search in violation of the Fourth and Fifth Amendments to the Constitution. These amendments forbid the use of governmental force to search a man's home, his person, his papers, or his effects * * * ; and evidence obtained in violation of the amendments is not admissible for the reason that to admit it would nullify the constitutional rights of the accused. * * Here there is no contention that any constitutional right of the accused has been violated; and the question is, not as to the admissibility of evidence, but as to the validity of an asserted defense to crime." Id., 57 F.2d at 978.

This view finds support in Donnelly, Judicial Control of Informants, Spies, Stool Pigeons, and Agent Provacateurs, 60 Yale L.J. 1091 (1951), cited by Mr. Justice Frankfurter in his separate opinion in Sherman v. United States, 356 U.S. at 378, 78 S.Ct. 819, 2 L.Ed.2d 848. At pages 1111, 1112, the author states:

"Clearly entrapment is a facet of a broader problem. Along with illegal search and seizures, wire tapping, false arrest, illegal detention and the third degree, it is a type of lawless law enforcement. They all spring from common motivations. Each is a substitute for skillful and scientific investigation. Each is condoned by the sinister sophism that the end, when dealing with known criminals or the 'criminal classes,' justifies the employment of

illegal means. The Supreme Court has responded more or less effectively in curbing illegal search and seizures, illegal detention, and wiretapping by federal officers and 'third degree' practices by state as well as federal police officers. It has occasionally been suggested that entrapment is sustainable as a doctrine on the same constitutional grounds as the search and seizure and the confession cases. It has been held, however, that the law forbidding conviction by entrapment methods has no affinity with legal questions concerning the admissibility of testimony for no 'constitutional right of the accused has been violated; and the question is, not as to the admissibility of evidence, but as to the validity of an asserted defense to crime.' [Citing Judge Parker in 57 F.2d at 978]. And in Olmstead v. United States [277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944], a closely divided court refused to extend the exclusionary rule to a case where the methods used, while clearly unlawful, were not regarded as violating constitutional guaranties. Although the exclusionary rule is explained as a constitutional or statutory imperative it can be supported by the broad policy which prevents the judicial power from being employed as an instrument for the lawless enforcement of the criminal law. That was the orientation of the Holmes and Brandeis dissents in the Olmstead case and it was the view of Mr. Justice Roberts in the Sorrells case. This view is preferable. Entrapment should have its footings in the policy of the courts to preserve their own integrity."

The protections embedded in due process are flexible. As society matures, they change to meet its needs and social goals. When the several states have consistently discharged their responsibility to society in giving full recognition of their constitutional obligation to prevent

**360**

the prostitution of state judicial power through lawless enforcement of the criminal law, the need for federal intervention is not apparent. To hold otherwise would compel federal intrusion, under the guise of constitutional concern, into the daily operation of the state judicial process. We find no justification for such drastic procedure in the resolution of the case at bar.

■ We hold that, under the circumstances of the case under review, petitioner has no constitutional right through federal habeas corpus to invoke the jurisdiction of the district court to review the determination of his defense of entrapment by the state courts of Illinois.

Petitioner was ably represented on this appeal by Mr. M. Finley Maxson, of the Chicago Bar, who acted as court appointed counsel. We express our appreciation to Mr. Maxson for his outstanding service in this assignment.

The order of the district court dismissing petitioner's petition for a writ of habeas corpus is affirmed.

Affirmed.