UNITED STATES of America ex rel.
Willie TOLER, Petitioner-Appellant,

v.

Frank J. PATE, Warden, Illinois State
Penitentiary, Respondent-Appellee.

No. 14379.

United States Court of Appeals
Seventh Circuit.

May 6, 1964.

Willie Toler, in pro. per.

William G. Clark, Atty. Gen., Edward A. Berman, Asst. Atty. Gen., Chicago, Ill., William C. Wines, Asst. Atty. Gen., of counsel, for appellee.

Before KNOCH and CASTLE, Circuit Judges, and MERCER, District Judge.

KNOCH, Circuit Judge.

The petitioner, Willie Toler, sought and was denied a writ of habeas corpus in the United States District Court, where he contended, as he does here, that he was denied due process of law at his trial, and that he should have been discharged because he was "entrapped into committing a crime, which he had no intention of committing."

There was no oral argument in this Court. The appeal was considered on the record and the briefs. Petitioner was tried and convicted in a Cook County, Illinois, Court, of selling narcotic drugs on two occasions. He was sentenced to serve for ten to twenty years in the penitentiary. On appeal, that conviction was affirmed by the Illinois Supreme Court, People v. Toler, 26 Ill.2d 100, 185 N.E.2d 874, cert. den. U. S. Supreme Court, 374 U.S. 813, 83 S.Ct. 1705, 10 L.Ed.2d 1036.

Petitioner asserts that he was a law abiding citizen with no prior criminal record when he was approached by one Edward Unsell, an old acquaintance and former fellow employee, who persistently urged petitioner to secure narcotics for him, calling on him at his place of business so often as to attract the notice and disapproval of petitioner's employer to the jeopardy of his job. Petitioner asserts that the drugs were purportedly sought for an addict in urgent need, the dying son of a dentist who was no longer able to secure the necessary narcotics legally. Petitioner contends here, as he testified at his trial, that he yielded only out of sympathy, without profit to himself, to repeated urging by Mr. Unsell, who, unknown to him, was a police informer, and, finally, to the further importunings of Chicago police officer Richard Tracy, who was introduced to petitioner by Mr. Unsell as an employee of the needy addict's father. Petitioner states that Officer Tracy indicated a need for $3,000 or $4,000 worth of narcotics and wanted to secure a sample for $100.

Petitioner states that the facts are undisputed and show entrapment. However, the testimony of Officer Tracy indicates (as the Illinois Supreme Court stated in its opinion, 26 Ill.2d 102) that petitioner made the two sales when the funds were shown to be available, and ex-

hibited an intent and willingness to commit the crime by his then ready complaisance and quick access to substantial quantities of illegal narcotics.

Petitioner utilized a rather complicated and cautious method of delivery. He met Officer Tracy and Mr. Unsell at a tavern, drove with them in the latter's automobile, directing them to an alley where he pointed (in one sale) to a telephone pole, stating that the narcotics were contained in a cigarette package at the foot of the pole, and (in the other sale) to a lamp post, stating that the narcotics were under the top pages of a magazine at the foot of the post. At the time of his arrest, according to Officer Tracy's testimony as set out in petitioner's brief, he was told that the police were primarily interested, not in him, but in his "connection." When asked to assist the police, petitioner said he would have to think it over. At his trial, petitioner testified that he was merely a go-between, that the narcotics in each instance were placed in the locations he indicated by "a fellow by the name of Harry."

Petitioner waived the right to trial by jury and was tried by the Court. We cannot disregard the Trial Judge's findings on the issues of credibility. Obviously the Trial Judge who saw and heard the witnesses did not accept petitioner's version of the circumstances of the sales.

■ The lack of a prior criminal or narcotics record, or of substantial reason to suspect petitioner of dealing in narcotics, does not of itself make this a case of entrapment. People v. Gonzales, 25 Ill.2d 235, 238, 184 N.E.2d 833 (1962); People v. Wells, 25 Ill.2d 146, 149, 182 N.E.2d 689 (1962).

■ The circumstances of the case as revealed in the testimony provide substantial evidence to support the evident conclusion of the Trial Court that petitioner was merely provided with an opportunity to commit a crime for which he was apt and willing.

The respondent argues other issues respecting petitioner's alleged failure to raise any question under the Fourteenth Amendment in the Illinois Supreme Court, and the character of the defense of entrapment with respect to raising a question under the United States Constitution. We do not reach these issues as our decision of the entrapment question is dispositive of this appeal.[1]

The decision of the District Court is affirmed.

Affirmed.

MERCER, District Judge (concurring).

Although inexpertly drafted and documented this pro se petition, together with the published opinion of the Illinois Supreme Court, People v. Toler, 26 Ill.2d 100, 185 N.E.2d 874, cert. denied, Toler v. Illinois, 374 U.S. 813, 83 S.Ct. 1705, 10 L.Ed.2d 1036, alleges facts which appear to be consistent only with the conclusion that petitioner was entrapped, the decision of the Illinois Supreme Court notwithstanding.

There is no evidence of record that petitioner had ever engaged in the sale of narcotics prior to the two instances of which he stands convicted or that he had any prior criminal record whatsoever. (Dissenting opinion, 26 Ill.2d at 103, 185 N.E.2d 874). There is no dispute in the evidence related to the defense of entrapment. Petitioner had been approached some twenty times over a period of two months by Unsell, an acquaintance and former fellow employee, who requested that petitioner obtain narcotics for a dying addict in dire need thereof. Unsell was, in fact, a special employee of the office of the State's Attorney for Cook County, 26 Ill.2d at 101, 185 N.E.2d 874, who had been requested by Officer Tracy to try to get petitioner to make a sale of narcotics. Petitioner repeatedly refused each of those requests by Unsell.

---

1. See United States of America ex rel. Walter Hall v. People of the State of Illinois, 329 F. 2d 354, 1964 (7 Cir.).

Finally, Unsell introduced petitioner to Tracy, who was represented to be an employee of the father of the needy addict. In response to the further importunings of Tracy, who said that the needy addict had little time to live, petitioner accepted money from Tracy on two separate occasions and obtained narcotics therewith. Such narcotics were never seen in petitioner's possession. In each instance, petitioner conducted Tracy to an alley and told him where narcotics would be found in the alley. Petitioner testified that he made no profit from either transaction, but that he finally agreed to act as a go-between and obtain narcotics out of sympathy for the dying addict. The opinion of the Illinois Supreme Court makes no reference to proof that any of the money furnished by Tracy was ever recovered in petitioner's possession. Tracy testified that he had told petitioner at the time of his arrest that the police were not interested in him, but that they were interested in his connection, except to the extent of his testimony that the packets had been placed in the location where he pointed them out to Tracy by a man named Harry.

If we accord every presumption to the decision of the Illinois Supreme Court, in the light of the allegations of this petition, there is lacking any proof of a predisposition on petitioner's part to commit the offense charged. We must ignore the repeated importuning of Unsell and Tracy to conclude that the offense charged emanated from any intent on petitioner's part. Compare People v. Hall, 25 Ill.2d 297, 185 N.E.2d 143, narcotics sale made in response to an informer's telephone call and on the same day thereof; People v. Wells, 25 Ill.2d 146, 182 N.E.2d 689; narcotics sale made to informer on the single contact shown by the record; People v. Gonzales, 25 Ill.2d 235, 184 N.E.2d 833, narcotics sale made through an informer on a single contact shown of record.

Thus, we have an undisputed factual situation which is strikingly similar to that of Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848. The crime was committed only after repeated suggestions and urging by police officials who had brought the full weight of human sympathy and Unsell's friendship into play. In my opinion, the facts alleged by this petition, as complemented by facts recited by the Illinois Supreme Court, reveal entrapment as a matter of law. Since there is no conflict in the evidence, the court below would not be bound to accept the findings of the state court, but might make an independent determination of the facts relevant to any constitutional issue. Cf., Fikes v. Alabama, 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246.

When this appeal was taken, I was of the opinion that the judgment should be reversed and the cause remanded to the District Court for a hearing upon petitioner's petition for a writ of habeas corpus. The question whether conviction by entrapment by a state court might constitute a denial of federal due process was then an issue of first impression for which no precedent was found. To me, however, it seemed clear that the circumstances of an entrapment case such as shown by this record are so offensive to the conscience of our society that it must be embraced within the fluid concept of the due process requirement. Cf., Rochin v. California, 342 U.S. 165, 169, 72 S.Ct. 205, 96 L.Ed. 183. It seemed unnecessary to seek a rationale between the entrapment question and the illegal search and seizure cases, e. g., Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, and the involuntary confession cases, e. g., Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948, Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760, which deal with the use of evidence. A conviction based upon illegally obtained evidence seems no more offensive than a conviction based upon the failure of a state to recognize a clear-cut defense of entrapment to obtain a conviction. The spectacle of the police hounding a man, not shown to have had any connection with the narcotics trade, for more than

two months, with appeals to sympathy and friendship, to obtain the commission of a crime seemed to me to be a monstrous offense against the ordered concepts of our constitutional society.

However, the question which was unprecedented when this appeal was taken under advisement has now been resolved by this court in Hall v. People of the State of Illinois, 7 Cir., 329 F.2d 354. In Hall, the court held that no constitutional question is presented in any case in which a petitioner's right to plead and prove the defense of entrapment has not been denied by a state.

Upon the authority of the Hall decision, I concur in the decision upon this appeal.