**Rennia WRIGHT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21716.**

United States Court of Appeals Ninth Circuit.

Jan. 30, 1968.

Rennia Wright, in pro. per.

Sidney I. Lezakm, U. S. Atty., Michael L. Morehouse, Asst. U. S. Atty., Portland, Or., for appellee.

Before HAMLEY and ELY, Circuit Judges, and WEIGEL, District Judge.

PER CURIAM:

This is an appeal from the dismissal of a petition for habeas corpus and of a suit for declaratory judgment. Appellant is incarcerated at McNeil Island Penitentiary, in Washington, for violation of federal narcotics laws (21 U.S.C. § 174 (1964); 26 U.S.C. §§ 4704(a),

4705(a) (1964)). An appeal from the conviction, raising some of the issues presented in the instant petition, was unsuccessful. Wright v. United States, 353 F.2d 362 (9th Cir. 1965).

Appellant's claims on this appeal and our disposition of them are as follows:

1. Unethical conduct on the part of the U.S. Attorney in arguing to the jury that the prosecution's chief witness was a "Government employee" and, therefore, eminently credible. In the context in which this statement was made, it was not unethical. Id. at 364.

2. Failure of the trial court to subpoena certain witnesses. Appellant fails to allege that any request was made to subpoena these witnesses who were known to him.

3. Failure of the trial court to submit the question of perjured testimony to the jury. The question did not arise until appellant produced, at his motion for a new trial, a witness who contradicted the testimony of the key government witness. Id. at 365.[1] Therefore, the trial court did not have any question of perjured testimony before it at the time the jury was instructed.

4. Failure of the trial court to instruct on entrapment. The trial court correctly refused to instruct on entrapment because appellant claimed that he did not commit the crime. See, e. g., Dunbar v. United States, 342 F.2d 979 (9th Cir. 1965); Eastman v. United States, 212 F.2d 320 (9th Cir. 1954). Moreover, any objection was waived by counsel's statement that he was satisfied with the court's instructions. Wright v. United States, supra, at 364.

Finally, appellant's motion for appointment of counsel on appeal is denied. Eskridge v. Rhay, 345 F.2d 778 (9th Cir. 1965), cert. denied, 382 U.S. 996, 86 S.Ct. 582, 15 L.Ed.2d 483 (1966).

Affirmed.

---

[1]. The new witness was known to appellant and could have been produced at trial. Ibid.