**Ralph Richard BENSON, Appellant,**

v.

**Leland C. CARTER, Probation Officer of Los Angeles County, People of the State of California, Appellees.**

**No. 21693.**

United States Court of Appeals Ninth Circuit.

May 17, 1968.

Rehearing Denied June 28, 1968.

Ralph R. Benson, in pro. per.

Harry B. Sondheim (argued), Deputy Dist. Atty., Harry Wood, Chief, Appellant Division, Evelle J. Younger, Dist. Atty. for County of Los Angeles, Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Los Angeles, Cal., for appellees.

Before HAMLEY, KOELSCH and ELY, Circuit Judges.

HAMLEY, Circuit Judge:

Ralph Richard Benson, on probation from a California State conviction, appeals from a district court order denying his application for a writ of habeas corpus. This is the second time that Benson has been before this court in a habeas corpus proceeding claiming that, as a result of his 1960 state conviction for prosecuting fraudulent personal injury claims, he is being held in custody "in violation of the Constitution or laws or treaties of the United States * * *." 28 U.S.C. § 2241(c) (3) (1964).

On the first appeal Benson alleged, among other things, that the refusal of the California courts to permit him to assert the defense of entrapment without admitting all the elements of the crimes charged deprived him of due process. In affirming the district court order denying habeas relief, we held that the conduct of the law enforcement officers did not deprive Benson of due process and that this court was without jurisdiction in a habeas corpus proceeding to review state law on the question of entrapment. Benson v. People of State of California, 9 Cir., 336 F.2d 791, 797–798. The Supreme Court denied certiorari on March 29, 1965. 380 U.S. 951, 85 S.Ct. 1086, 13 L.Ed.2d 970.

On this appeal from the denial of his present application, Benson asks us to re-examine our decision in light of the California Supreme Court decision in People v. Perez, 62 Cal.2d 769, 775–776, 44 Cal.Rptr. 326, 329–330, 401 P.2d 934, 937–938, decided on May 21, 1965. In *Perez* the California court held that an accused need not admit the acts alleged in the charge in order to raise the entrap-

ment defense. Further, that court specifically disapproved lower court decisions to the contrary, including People v. Benson, 206 Cal.App.2d 519, 23 Cal.Rptr. 908, 916, the California District Court of Appeal's decision affirming Benson's 1960 conviction.

Benson interprets the *Perez* decision as an "admission" by the California courts that he was denied a fair trial, and further argues that the failure of the state courts to provide him with relief in his subsequent state petitions collaterally attacking his conviction denies him due process.

The facts surrounding the 1960 conviction are set out at great length in the opinion of the California District Court of Appeal (People v. Benson, supra), and are summarized again in our prior opinion (Benson v. People of State of California, supra). Only a brief summary is necessary here.

Benson, an attorney at law, was charged with conspiring to commit grand theft and to violate Section 556 of the California Insurance Code. He was also charged with two substantive violations of Section 556. The charges arose out of an alleged conspiracy between Benson and Doctors Isaac Matloff and Edwin T. Harder to prosecute fraudulent personal injury claims. Midway through the trial Matloff and Harder pleaded guilty to a charge of attempting to violate Section 556, a lesser but necessarily included offense to that set forth in the information. The trial continued without a jury and Benson was found guilty on all three counts charged in the information.

Benson's conviction rested in part on the testimony of William Bucholz and Robert Meng. Bucholz was involved in a rear-end collision while driving his automobile and, after being urged by Matloff to prosecute a fraudulent insurance claim through Benson, Bucholz telephoned the police department. The district attorney subsequently enlisted Bucholz as a decoy and the evidence he gathered in his later contact with Benson, Matloff and Harder was used at trial.

Similarly, Meng, an investigator for the district attorney's office, posed as a person who had recently been involved in a rear-end collision. Although Meng told Benson that he was not injured, evidence was introduced to show that Benson submitted the false bills and medical reports of Doctors Matloff and Harder to Meng's insurance carrier.

Benson did not raise a defense of entrapment at the trial. Instead, he denied complicity in the conspiracy and denied knowledge of the falsity of the reports which he submitted to the insurance companies.

On appeal to the California District Court of Appeal, Benson raised the issue of entrapment for the first time, alleging that under California law he was not required to admit the facts charged in the information as a condition to raising the defense. Benson further alleged that the evidence showed entrapment as a matter of law. The District Court of Appeal held, however, that it was inconsistent to deny the acts charged, while at the same time alleging entrapment, and therefore affirmed the conviction. Although it was not necessary to the decision, that court also stated that Benson's claim of entrapment as a matter of law was not tenable. People v. Benson, supra, 23 Cal.Rptr. at 916.

In our prior opinion affirming the denial of Benson's first application for a writ of habeas corpus, we reviewed the evidence discussed above and held that the action of the law enforcement officers "was not 'dirty business' or unfair in such a manner as to deprive the appellant of due process." [1] Benson v. People of State of California, supra, 336 F.2d at

1. In so holding we recognized that there may be instances where the conduct of state officials may be so unfair as to deny the defendant due process of law.

Cf. Cox v. State of Louisiana, 379 U.S. 559, 571, 85 S.Ct. 453, 13 L.Ed.2d 471; Raley v. State of Ohio, 360 U.S. 423, 426, 79 S.Ct. 1257, 3 L.Ed.2d 1344.

797. Further, relying on United States ex rel. Hall v. People of State of Illinois, 7 Cir., 329 F.2d 354, we held that an alleged misapplication of law relating to entrapment did not raise a federal constitutional question. 336 F.2d at 797–798.[2]

Benson began another series of attacks on his conviction in the state courts following the decision in People v. Perez, supra. His petitions were denied at every level without findings or opinion,[3] and Benson then filed the present application in the federal district court.

Benson argues that as a result of the *Perez* decision the entrapment defense has now become embodied in the federal concept of due process and subject to review in habeas corpus proceedings. We do not agree. In our opinion the defense of entrapment in the state courts of California is based on the state courts' policy of keeping the judicial process free of untoward police conduct.

In People v. Benford, 53 Cal.2d 1, 345 P.2d 928, the California court undertook for the first time to define the public policy behind the entrapment defense. In so doing that court adopted the reasoning of the concurring opinions of Justice Roberts and Justice Frankfurter in Sorrells v. United States, 287 U.S. 435, 453–459, 53 S.Ct. 210, 77 L.Ed. 413, and Sherman v. United States, 356 U.S. 369, 378–385, 78 S.Ct. 819, 2 L.Ed.2d 848, respectively, wherein entrapment is recognized as a defense because of the court's power and duty to formulate and apply proper standards for judicial enforcement of the criminal law. Quoting from McNabb v. United States, 318 U.S. 332, 340, 63 S.Ct. 608, 87 L.Ed. 819, the California court in *Benford* stated that the court's supervisory power is not satisfied by the minimal historic safeguards "summarized as 'due process of law,'" but is based on the court's duty of maintaining civilized standards of procedure and evidence. 345 P.2d at 937–938.

In People v. Perez, supra, the California court strengthened the defense by extending its availability to defendants who deny commission of the acts alleged. "To put the defendant in that dilemma [admitting guilt as a condition to invoking the entrapment defense] would frustrate the assertion of the defense itself and thus undermine its policy." 401 P. 2d at 938, 44 Cal.Rptr. at 330.

■ Since the defense of entrapment in California state prosecutions is based on the state court's supervisory powers, it follows that Benson was not denied due process because the California courts chose to limit that claim by requiring an admission of the acts charged. Indeed, the rule which *Perez* changed remains the rule in this circuit in federal prosecutions. See Wright v. United States, 9 Cir., 391 F.2d 542 (decided January 30, 1968); Garibay-Garcia v. United States, 9 Cir., 362 F.2d 509, 510; Ortega v. United States, 9 Cir., 348 F.2d 874, 876.

■ Benson also argues that, because of the pre-*Perez* rule limiting the ability of a defendant to raise an entrapment defense, he was denied an opportunity to

2. In *Hall* the Seventh Circuit considered whether freedom from entrapment is a protected right under the Federal Constitution. The decision that federal courts do not have jurisdiction in habeas corpus proceedings to review questions of state law relating to the defense of entrapment was based on two grounds: (1) Entrapment, unlike illegal searches and seizures and illegal confessions, is not based on a specific constitutional guarantee; and (2) Federal intervention is not necessary where the states have discharged their responsibility to prevent the lawless enforcement of the criminal law.

In similar cases arising under 28 U.S.C. § 2255 (1964), the habeas corpus statute for federal prisoners, we have held that entrapment must be raised on direct appeal and not in collateral proceedings. See Matysek v. United States, 9 Cir., 339 F.2d 389, 391; Anderson v. United States, 9 Cir., 338 F.2d 618, 619; Stanley v. United States, 9 Cir., 239 F.2d 765.

3. Certiorari from the California District Court of Appeal was denied by the United States Supreme Court. Benson v. California, 384 U.S. 919, 86 S.Ct. 1365, 16 L.Ed.2d 440.

present a defense bearing on his guilt or innocence of the crime charged and was thereby denied due process. However, as the California Supreme Court stated in People v. Benford, supra, 345 P.2d at 934:

"Entrapment is a defense not because the defendant is innocent but because, as stated by Justice Holmes (dissenting in Olmstead v. United States (1928), 277 U.S. 438, 470, 48 S.Ct. 564, 72 L.Ed. 944, an illegally obtained evidence case), 'it is less an evil that some criminals should escape than that the Government should play an ignoble part.'"

Here the District Court of Appeal, in affirming Benson's conviction, found that there was sufficient evidence to support the trial court's finding that Benson knew of the false character of the reports of Doctors Matloff and Harder and was engaged in a conspiracy with them to prosecute fraudulent insurance claims. It does not appear that Benson was prevented in any way from introducing admissible and relevant evidence to show a lack of scienter on his part. This being true, Benson's argument that he was denied an opportunity to present evidence bearing on his innocence is without merit.

■ Finally, Benson argues that he was denied his constitutional rights as guaranteed by the Fourteenth Amendment because of the refusal of the California courts to retroactively apply the benefits of the *Perez* decision to his case.

■■ We hold otherwise. Since the decision in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, the power of the judiciary to limit or preclude the retroactive application of a rule in appropriate cases cannot be questioned. Moreover, the decision of a state court to limit the retroactive effect of a rule involving state law does not raise a federal question. See Great Northern R. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364–366, 53 S.Ct. 145, 77 L.Ed. 360.

Affirmed.