(No. 35728.—

The People of the State of Illinois, Defendant in Error, *vs.* Clinton Clay, Plaintiff in Error.

*Opinion filed March 18, 1965.—Rehearing denied Sept. 27, 1965.*

GILBERT L. BERMAN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, and ELMER C. KISSANE and PAUL A. O'MALLEY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Clinton Clay, who waived a jury and was tried by the criminal court of Cook County, was found guilty of unlawful sale and possession of narcotic drugs and was sentenced to the penitentiary for a term of 10 years to life. He seeks review by this court contending that he should have been discharged because the evidence established a defense of entrapment, and that he was denied due process of law, first, because of the incompetency of his appointed counsel, and second by the admission into evidence of an allegedly involuntary confession.

The evidence presents the commonplace situation where a Federal narcotics agent, in this case Anthony D. Johnson, was introduced to defendant by a "special employee," and, after some bargaining, purchased an ounce of heroin from the accused. At the time the sale was consummated defendant expressed a willingness to sell additional narcotics to Johnson, but the following day he moved from the hotel where he resided and was not located until some five months

later, at which time he was arrested and taken to the Federal narcotics bureau where he signed a confession. Both in his confession and in his testimony at the trial, defendant admitted the sale and also stated that his purpose in selling narcotics was to "pick up" some money.

Defendant's claim of entrapment rests upon his testimony that he had never sold narcotics before, and upon the fact that he had never before been convicted of a crime. However, nothing in the record establishes or even remotely suggests that the Federal agent inspired, incited, lured or persuaded defendant to commit a crime he otherwise had no intention of committing, so as to permit a defense of entrapment. Instead, the undisputed proof establishes that defendant, completely without persuasion or coercion and acting solely upon his own knowledge and devices, readily agreed to make a sale of narcotics and within a short time produced an ounce of heroin which he sold for $140. Undisputed also is his readiness to sell additional narcotics. Even though this was his first indictment for a narcotics offense, all of the evidence leaves no doubt that he was not a naive or innocent person who was gulled into committing an offense he would not otherwise have committed, but was in fact experienced in the traffic and willing to take a chance if he could turn a profit. Under all of the circumstances, the officers did no more than to afford him an opportunity to commit an offense he was ready and willing to commit. *People* v. *Lewis,* 26 Ill.2d 542; *People* v. *Wells,* 25 Ill.2d 146; *People* v. *McSmith,* 23 Ill.2d 87.

The confession signed by defendant was admitted into evidence and at the time the single objection raised was that it was inadmissible because defendant had not been furnished with a copy in compliance with the Criminal Code then in effect. (Ill. Rev. Stat. 1957, chap. 38, par. 729.) This objection has been renewed here and, in addition, it is urged that the confession was inadmissible as an involun-

tary confession which was induced by promises of leniency. (See: *People* v. *Heide,* 302 Ill. 624, 627.) And while it is conceded the latter objection was not made at the trial, defendant contends, on the basis of *People* v. *Holick,* 337 Ill. 333, 338, that it became the duty of the trial court to strike the confession of its own volition when evidence adduced subsequent to its admission "indicated the possibility that the confession was not voluntarily made." Neither contention is well taken.

As to the first, the transcript of the arraignment shows that defendant and his counsel were furnished a copy of the confession at the time of arraignment, which defendant does not deny. As to the second contention, the record shows only that Johnson stated that if defendant would assist the government in the apprehension of other narcotic peddlers, the matter "would be brought to the attention of the State's Attorney," and that defendant refused such cooperation saying he "didn't have any more narcotics." We think it clear the suggestion of possible leniency had no reference to, or influence upon, defendant's confession. (*Cf. People* v. *Hartgraves,* 31 Ill.2d 375, 381.) So far as the record shows, and the confession itself recites, the document was completely voluntary and its admission into evidence did not offend due process.

Equally without substance is the claim that the incompetency of appointed counsel deprived defendant of due process of law. We do not agree with the argument that the record reflects upon trial counsel as one who was unfamiliar with criminal law and procedure and who went to trial unprepared. Rather, we are in accord with the express comment of the trial court that "a very able job" was done for defendant. Furthermore, before there may be a reversal on such ground the record must clearly establish not only the actual incompetency of counsel, but also that defendant was substantially prejudiced thereby and the outcome of the trial materially affected. (*People* v. *Palmer,* 31 Ill.2d 58;

*People* v. *Coolidge*, 26 Ill.2d 533.) In light of the overwhelming evidence against defendant, it is difficult to see how anything counsel could have done would have produced a different result. *Cf. People* v. *Lopez*, 10 Ill.2d 237.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*