**People of the State of Illinois, Plaintiff-Appellee, v. Todd Cazaux, Defendant-Appellant.**

**Gen. No. 51,198.**

First District, Third Division.

December 30, 1969.

F. Oliver and Gerald M. Werksman, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Howard Levine, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant was indicted on two counts, one for possession and one for sale of an unspecified quantity of marijuana. A jury found him guilty on each charge and he was sentenced to serve concurrent terms in the penitentiary of two to ten years for possession and ten to fifteen years for sale. On appeal he contends: (1) the action of the police officers involved in his apprehension constituted entrapment, (2) the trial court improperly denied his motion for change of venue and (3) the trial court's instructions failed to charge the jury on the elements of either offense required to be proved to establish his guilt. The facts follow.

Shortly before 4:00 p. m. on April 13, 1965, Marc Shinderman, a police informant, called narcotics detectives of the Chicago Police Department and advised them that he would be able to make a controlled purchase of marijuana. Police detective Anthony Rigoni drove Shinderman from his home to police headquarters at 1121 South State Street, Chicago. There he was searched and supplied with $25 in bills, the serial numbers of which were recorded. The money was then marked with fluorescent powder. Rigoni and two other police detectives, Edward McCann and Guy Neubert, drove Shinderman to defendant's home at 1701 North Larrabee Street, Chicago, arriving there at about 4:00 p. m. Shinderman entered and told the defendant he wanted to buy $25 worth of marijuana. Defendant accepted the money, saying that he anticipated making a large purchase later in the day and would get some for the informant. He told Shinderman to return about 7:00 p. m. that evening. At approximately 7:00 p. m. Shinderman saw defendant walking on a street near his apartment and accompanied him to his home. Ten minutes later Shinderman emerged from the building and delivered to Officer Rigoni a packet which contained a substance that looked like marijuana. The detectives then went to defendant's apartment and knocked on the door. The door was opened

14

by defendant who, upon seeing the police, ran through a hallway into the kitchen, where he was apprehended and placed under arrest. In an adjacent bathroom, the door of which was open, Rigoni was able to view a quantity of "crushed green plant" on the lid of the toilet fixture. At the trial it was stipulated that this substance and that in the packet sold to Shinderman was marijuana.

 Defendant's first contention is that the evidence clearly shows entrapment. This defense is established where it appears that the officers of the law or their agents have conceived and planned the criminal activity on which the indictment is based and to that end incited, induced, instigated or lured the accused into committing an offense which he had no intention of committing and would not otherwise have committed. People v. Hall, 25 Ill2d 297, 185 NE2d 143; People v. Wells, 25 Ill2d 146, 182 NE2d 689; People v. McSmith, 23 Ill 2d 87, 178 NE2d 641; People v. Outten, 13 Ill2d 21, 147 NE2d 284. In analyzing the facts relative to the issue of entrapment it is essential to distinguish between a trap set for the unwary criminal and a trap set to ensnare the innocent and law-abiding into commission of a crime. Sherman v. United States, 356 US 369 (1958); People v. Jackson, 116 Ill App2d 304, 253 NE2d 527 (1969). A defendant who had the intent may not defend on the ground of entrapment merely because an officer of the law afforded him an opportunity to commit the offense. People v. Wells, supra; People v. Shannon, 15 Ill2d 494, 155 NE2d 578; People v. Clark, 7 Ill2d 163, 130 NE2d 195.

The cases upon which defendant principally relies are People v. Strong, 21 Ill2d 320, 172 NE2d 765; People v. Carmichael, 80 Ill App2d 293, 225 NE2d 458; People v. Jones, 73 Ill App2d 55, 219 NE2d 12; Sherman v. United States, 356 US 369. These are distinguishable on their facts from the case before us. In Strong, Carmichael and Jones the holdings were expressly based on unrebut-

15

ted testimony in the record that the narcotics which formed the basis of each prosecution were supplied by informers acting as agents of the State. In Sherman an informant appealed to the defendant to procure the drugs to assuage the suffering of a fellow addict and after persistent requests he overcame the defendant's initial refusal. In the instant case the informant's offer was accepted immediately by defendant and there is no evidence that undue or prolonged pressure was exerted.

Defendant's unhesitating acceptance of the informer's offer establishes that the criminal intent was *present* in his mind and needed but the opportunity presented by a simple request to express itself in criminal conduct. People v. Gonzales, 25 Ill2d 235, 184 NE2d 833; People v. McSmith, 23 Ill2d 87, 178 NE2d 641; United States v. Perkins, 190 F2d 49 (7th Cir). A suspect may be tested by being offered an opportunity to violate the law in the customary manner for the activity alleged to be unlawful. People v. Hall, supra. In the instant case the tactics used by the police were necessitated by the secretive nature of those who traffic in prohibited drugs and did not constitute illegal entrapment.

Defendant's next contention is that his motion for a substitution of judges, filed pursuant to statute (Ill Rev Stats, c 38, § 114–5 (1967)) was improperly denied. The record indicates that on May 24, 1965, defendant's case was assigned to Judge Nathan M. Cohen for trial. Some time after that and prior to June 3, 1965, a conference was had in chambers at the defendant's request. At that conference defendant's attorney told the judge that one of the State's witnesses was the son of a lawyer and he asked whether that would affect the court's evaluation of the witness's credibility. He also asked whether the court would grant immunity to a defense witness.

16

The judge replied that his determination of credibility would not be influenced by the fact that the witness's father was a lawyer and as to granting immunity to a witness, he replied that he did not have that power. On June 3, 1965, defendant filed a motion for substitution of judges due to the alleged prejudice of Judge Cohen. The motion was denied and defendant contends this was error.

 The right of a defendant to a change of venue on the ground of prejudice, while absolute in both civil and criminal cases, can be waived if it is not asserted at the earliest practical moment. People v. Lawrence, 29 Ill2d 426, 194 NE2d 337; Roherty v. Green, 57 Ill App 2d 362, 206 NE2d 756. The requirement of filing that motion at the earliest practical moment is designed to prevent forum shopping by attorneys who attempt to ascertain on a hearing the attitude of the trial judge on some issues of a case and if the court's judgment is not in harmony with counsel's theory, to assert the prejudice of the judge as a ground for the allowance of a change of venue. People v. Chambers, 9 Ill2d 83, 136 NE2d 812. A motion for change of venue comes too late when it is made after a conference in chambers in which counsel seeks to elicit from the judge his attitude with respect to the credibility of a prospective witness.

 ██ Finally, defendant contends that the jury was not fully instructed on the elements of the crimes charged in the indictment. Neither party tendered to the court an instruction which advised the jury that in order to return a verdict of guilty on both counts, they must find that defendant knew that what he possessed was marijuana. While the court on its own initiative could have properly instructed the jury on that issue, failure to do so was not under the circumstances reversible error. People v. Ward, 32 Ill2d 253, 204 NE2d 741;

People v. Davis, 10 Ill2d 430, 140 NE2d 675; People v. McCurrie, 337 Ill 290, 169 NE 214. It was stipulated that the substance involved was marijuana and the uncontroverted testimony of the defendant's own witness showed that defendant knew the nature of the substance with which he was dealing and that he had dealt with it in the past. The precise question was before the court in People v. Truelock, 35 Ill2d 189, 220 NE2d 187, and the court there held that when evidence of the defendant's knowledge of the presence of narcotics is clear and convincing and the jury could not reasonably have returned a verdict of not guilty, failure to instruct the jury on the requirement of knowledge does not justify reversal. We find no reversible error in the instant case and the judgment must be affirmed.

Judgment affirmed.

DEMPSEY, P. J. and McNAMARA, J., concur.