THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* IRA JONES, Defendant-Appellant.

(No. 54137;

First District—February 4, 1971.

Gerald W. Getty, Public Defender, of Chicago, (James B. Haddad, George L. Lincoln, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Thomas Walsh, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant Ira Jones was found guilty by a jury of the unlawful sale of a narcotic drug. He was sentenced to the penitentiary for a term of ten to twelve years. He appeals, contending that he was denied a fair trial because of the introduction of testimony concerning his prior sales of narcotics; because of certain prejudicial remarks of the prosecutor to the jury during closing argument; and because the court failed to properly instruct the jury as to the element of mental state necessary for a conviction of the crime. A summary of the facts follows.

On May 11, 1968, a police informant told the arresting police officers that he could make a controlled sale of heroin. The informant was searched, found free of narcotics, and was given marked currency. The informant testified that he entered a poolroom, approached the defendant and asked if he could make a purchase of heroin. Defendant left the poolroom and five minutes later returned with the heroin. Two police officers testified that at the time of the transaction they were in the crowded poolroom. They could not hear the conversation between the informant and defendant, but observed a tin-foil package pass from defendant to the informant. The informant then left the hall and delivered the package which contained heroin to the police officers in the police car. The police arrested defendant, and recovered the marked money.

Defendant testified that the police officers approached him with revolvers drawn. They searched him, and found him to have no narcotics. They also searched his apartment and found no narcotics. Defendant further testified that the officers informed him that he would be charged with the crime unless he told them who was trafficking in narcotics in the poolroom. Defendant also testified that he was regularly employed, and was not a seller or user of narcotics.

On direct examination at trial, the informant testified that he had known defendant for three or four months prior to the transaction in question. He was then asked in what capacity he had known defendant, and he replied that he had made prior purchases of narcotics. The informant next was asked how many times he had made such purchases from defendant, and he replied that he had made three or four purchases. In response to another question, the informant stated that all the purchases had been made in the same poolroom. Defendant made no objections to any of these questions or answers.

During closing argument the prosecutor told the jury: "* * * we are dealing here today not with a possessor of narcotics, but with a peddler of narcotics * * * his business, his occupation is corrupting others * * *. If you were in the business of selling narcotics * * *. That is the way a 'pro' makes a sale, not an amateur * * * a 'pro' never has the stuff on him * * *. This is the way sales of narcotics are consummated on a professional level, a level with some regularity, where a man is engaged in the business regularly." No objection was made by defendant to these remarks.

Defendant first contends that the testimony concerning the prior sales of narcotics was improperly admitted into evidence. He further argues that the introduction of that testimony was aggravated by the comments of the prosecutor during closing argument when the prosecutor referred

to him as a professional seller of narcotics, and as one regularly engaged in the business of selling narcotics. In making this argument, defendant concedes that he made no objection to either the testimony or to the argument in question. However he contends that they constituted "plain error" and should be considered by this court as defects affecting substantial rights even though they were not brought to the attention of the trial court. (Supreme Court Rule 615(a) (Ill. Rev. Stat. 1969, ch. 110A par. 615(a).) While conceding also that the evidence was sufficient as a matter of law to sustain the conviction, defendant argues that the jury could not reach a just verdict because of the prejudicial evidence and argument.

■■ As a general rule non-jurisdictional errors, not preserved in the trial record by objection, are waived. (*People v. Greer* (1964), 30 Ill.2d 415, 197 N.E.2d 22; *People v. Gratton* (1963), 28 Ill.2d 450, 192 N.E.2d 903.) In *People v. Van Hyning* (1966), 72 Ill.App.2d 168, 219 N.E.2d 268, at p. 175, this court stated:

"However, the necessity for judicial accommodation between the exercise of such power and the orderly administration of justice, as well as the welfare and safety of the public at large, indicates that the reviewing court should exercise judicial restraint in reversing the trial court for errors not brought to its attention by customary procedures. The basic reason for the general rule that issues, points or contentions, other than those going to the court's jurisdiction of the subject matter, or that the indictment does not charge an offense, will not be considered on appeal unless presented in the trial court and properly preserved for review, is that the trial court should not be reversed upon a ground not submitted to it, and upon which it did not, and was not asked to decide. (Citations omitted) Consequently, reversals where the alleged errors were not brought to the attention of the trial court must be limited to errors or defects affecting substantial rights of the defendant—errors which in themselves preclude fundamental fairness in the trial."

In discussing a reviewing court's discretion to consider error not brought to the attention of the trial court, this court in *People v. Lagardo* (1967), 82 Ill.App.2d 119, 123—124, 226 N.E.2d 492, at p. 494, set forth the following criteria:

"* * * the pivotal factors to be considered to determine whether or not an exercise of such discretion is warranted are, the closeness of the case, the conduct of the trial judge, the extent to which questionable evidence may have contributed to a guilty verdict, the fairness of the trial in general, and the magnitude of the errors alleged."

■■ Under the circumstances of this case, we believe that we would

not be warranted in exercising our discretion in noticing these errors which were not preserved by objection. While the testimony adduced and the comments by the prosecutor were improper, we do not find that they were of such a nature as to have precluded fundamental fairness in the trial. The evidence presented was strong and convincing. Two police officers testified that they witnessed the transfer of the heroin from defendant to the informant. They also testified that they recovered the marked currency from defendant. Defendant was able to testify as to his version of the incident in full, and was permitted to cross-examine fully in all vital areas. No question has been raised concerning the conduct of the trial judge. In general the trial was fair. Moreover we do not believe that the testimony or comments complained of could have contributed significantly to the verdict of the jury. The nature of the errors complained of as balanced against the strength of the evidence presented in support of the conviction persuades us that this is not an appropriate case to take notice of those errors not preserved by objection.

■■ Defendant also contends that the trial court committed reversible error in failing to instruct the jury as to the necesary mental state for the commission of the crime. Specifically, the instruction failed to inform the jury that the sale of the heroin must be made "knowingly" in order to constitute a crime. Defendant made no objection to the instruction and did not offer an instruction covering the point. As we have noted above, when no objection is made, any error is waived. In *People v. Cazaux* (1970), 119 Ill.App.2d 11, 254 N.E.2d 797, neither party tendered an instruction which advised the jury that they must find that defendant knew that what he possessed was narcotics. In affirming the judgment, this court concluded that while the court on its own initiative could have properly instructed the jury on that issue, failure to do so was not reversible error.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.