THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE D. THOMAS, Defendant-Appellant.

Third District   No. 74-172

Opinion filed May 20, 1976.

Hollis Ruth Hill, of Chicago, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a jury trial defendant was found guilty of delivery of over 30 grams of a substance containing cocaine in violation of section 401(a)(2) of the Controlled Substances Act (Ill. Rev. Stat. (1975), ch. 56½, par. 1401(a)(2)), and was sentenced to a term of imprisonment for not less than 8 years nor more than 24 years. The issues on appeal are whether the graduated penalty provision of section 401 of the Controlled Substances Act is unconstitutional, whether prejudicial error occurred when the State's Attorney testified for the prosecution, and whether the sentence is excessive.

Briefly summarized, the State's evidence indicated that on November 7, 1973, three IBI agents drove to a motel near Chillicothe, Illinois. The agents were working undercover and had arranged with defendant and Sandra Stevenson, a codefendant, to purchase a quantity of cocaine. One of the agents wore a transmitting device pursuant to a written request by the State's Attorney of Peoria County. Other law enforcement personnel and the State's Attorney waited in cars near the motel and monitored the conversation. The undercover agents entered a motel room occupied by defendant and Miss Stevenson and negotiated with defendant for the purchase of 5 ounces of a substance containing cocaine. At a pre-arranged signal, the other law enforcement personnel entered the room and effected the arrests.

Defendant testified that he was spending the night with Miss Stevenson in the motel and denied taking any part in the transaction. Defendant claimed that he watched television and that any conversation was between Miss Stevenson and the agents.

Section 401 of the Controlled Substances Act provides in relevant part, that:

> "Except as authorized by this Act, it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this Section with respect to:

(a) the following controlled substances and amounts * * * is guilty of a Class 1 felony * * *:

    * * *

(2) 30 grams or more of any substance containing cocaine;

    * * *

(b) any other amount of a controlled substance classified in Schedules I or II which is a narcotic drug is guilty of a Class 2 felony."

Defendant contends that this statute creates a classification scheme which bears no reasonable relation to the legislative purpose of the Act and violates the due process and equal protection clauses of the United States and Illinois Constitutions by providing for graduated penalties determined by the weight of the substance containing the cocaine rather than the actual quantity of cocaine.

Our Supreme Court recently decided a similar issue in *People v. Mayberry* (1976), 63 Ill. 2d 1, 345 N.E.2d 97. There, defendants challenged sections of the Cannabis Control Act (Ill. Rev. Stat. 1975, ch. 56½, par. 701 *et seq.*) and section 401(a)(5) of the Controlled Substances Act. Responding to the same contention as was raised here, the court stated:

"Our legislature may have believed that any given amount of drug can be distributed to a greater number of people and thus have a greater potential to be harmful if it is mixed with another substance. While the soundness of that belief may be questionable, the determination is one for the legislature to make, and we cannot find that the classification schemes at issue have no reasonable basis." (63 Ill. 2d 1, 9.)

The court, citing *United States ex rel. Daneff v. Henderson* (2d Cir. 1974), 501 F.2d 1180, noted that dangerous drugs are generally marketed in a diluted state, and, therefore, it was not unreasonable for a legislature to deal with the mixture rather than the pure drug.

■■ We believe that *Mayberry* is controlling in the instant case and hold that the classification scheme involved here is not unconstitutional.

Defendant next contends that prejudicial error occurred when the Peoria County State's Attorney testified as a prosecution witness.

During cross-examination of the agents who had participated in the transaction, defense counsel brought out the fact that, although the State's Attorney had requested that the conversation between defendant and the agents be transmitted and recorded, a recording either was not made or was not available. The State's Attorney was called as a witness and testified that he was aware that the conversations were not recorded.

Although a prosecuting attorney is not incompetent to be a witness, courts are reluctant to permit such a practice. *(People v. Gerold* (1914),

265 Ill. 448, 107 N.E. 165.) A trial court may, in the exercise of sound discretion, refuse to allow an attorney to testify in a case in which the attorney is an advocate. *(People v. Gendron* (1968), 41 Ill. 2d 351, 243 N.E.2d 208, *cert. denied,* 396 U.S. 889, 24 L. Ed. 2d 164, 90 S. Ct. 179.) Aside from ethical considerations, there is the danger that the jury will believe a prosecutor more credible than an ordinary witness. *People v. Cannon* (1st Dist. 1975), 25 Ill. App. 3d 737, 323 N.E.2d 846.

■■ In the instant case, the State's Attorney was not the actual prosecuting attorney, but he is the attorney of record for the People and his connection with the prosecution was readily apparent to the jury. However, he testified to a collateral issue and not to the occurrence itself, as his testimony was not concerned with the substance of the conversation but whether a recording of that conversation was made. Moreover, his testimony was necessary to dispel any unfavorable inferences caused by defense counsel's cross-examination concerning possible misplaced or concealed tapes. In view of these circumstances, we find that the trial court did not err in allowing this testimony. See *People v. Mann* (1963), 27 Ill. 2d 135, 188 N.E.2d 665, *cert. denied,* 374 U.S. 855, 10 L. Ed. 2d 1075, 83 S. Ct. 1923.

Defendant's final contention is that his sentence is excessive. He urges this court to reduce his sentence under the provisions of Supreme Court Rule 615 (Ill. Rev. Stat. 1975, ch. 110A, par. 615).

■■ Among the considerations to be taken into account by a reviewing court are that the trial court is in a superior position to determine the appropriate sentence, that the power to reduce sentences is to be exercised to prevent arbitrary or oppressive sentencing, and that the purpose of sentencing is to provide penalties proportionate to the crime and reflective of the rehabilitation potential of the defendant. *(People v. Sprinkle* (1974), 56 Ill. 2d 257, 307 N.E.2d 161; *(People v. Aristole* (1st Dist. 1971), 131 Ill. App. 2d 175, 268 N.E.2d 227.) Consideration of these factors and examination of the record persuades us that this is not an appropriate case for this court to reduce the sentence.

Accordingly, the judgment of conviction of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.