THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LUCO XAVIER PAVONE, Defendant-Appellant.

Second District (1st Division)    No. 75-203

Opinion filed December 30, 1976.

Doherty & Thomas, P. C., of Royal Oaks, Michigan, for appellant.

John Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of burglary and of theft over $150 following a jury trial. He was sentenced to a term of 2-6 years in the penitentiary.

Essentially defendant contends on appeal that he was not proved guilty since the State's witness who testified that a Luco Pavone was his accomplice was unable to identify the defendant at trial. He further contends that it was prejudicial error to then permit an assistant State's attorney to testify to the witness's identification of the defendant at a preliminary hearing. He also argues that the court erred in failing to instruct the jury to view the identification testimony with caution under the circumstances.

The witness, Mark Centofante, a minor who was placed under supervision for his part in the offense charged, testified that he went to his girl friend's home to smoke "pot" with "a person I met named Luco." He then stated that he and Luco went to a home where the burglary and theft took place. The witness was asked whether the man he referred to was in court. He answered, "I'm not sure." The questioning continued:

"Q. Do you see anybody that resembles the person that you know as Luco?

A. I can't be sure.

Q. What did Luco look like?

A. He's about my height, he had hair about down to here (indicating).

Q. What color?

A. Brown or black.

Q. Do you know his last name?

A. I think it's Pavone. I'm not sure.

Q. How did you know his name, sir?

A. Because of the chick that lives across the street."

In further questioning the witness stated that he left the girl's house "with Luco"; that he went "In Luco's car. * * * A green one." In further questioning the witness said he had met Luco Pavone one time before about a week prior to the crime and that he was with Luco Pavone from 11:30 or 12 o'clock to 1:15 on the date of the crime. The witness was then asked whether he had testified before in regard to this case. Centofante replied that he had but he didn't know what kind of a hearing it was. He was then asked whether he identified Luco Pavone at that time and over defense objection which was sustained by the court he did not answer. Later in the questioning, he said he did see him once in court and was asked whether he identified him at that time. He answered "I think so. I don't really remember." On cross-examination Mark also stated that he had a bad memory because of drugs and said "My mind plays tricks on me because of drugs." Over defense objections the court permitted an assistant State's attorney to testify that he called Mark Centofante as a State's witness at the preliminary hearing and that the witness pointed out defendant and identified him as the individual who had participated in the burglary and theft. This witness identified the defendant in court as the same person who Mark had identified at the preliminary hearing.

There was other testimony which indicated that the place where Mark met Luco Pavone, the residence of the defendant, Mark's residence, and the burglarized residence were within a radius of approximately two miles.

Mark Centofante's mother testified that she saw her son and the Luco Pavone whom she identified in court together on the date of the offense

shortly after 12 noon and that they drove away together in a small green car. The State also adduced testimony from an officer that there were fresh prints in the snow behind the burglarized premises leading to the rear door and that the shoes the defendant was wearing when he was arrested matched the prints in the snow exactly. The officer identified the defendant in court as the same person from whom he had taken the shoes.

The defendant offered proof of an alibi which from our view of the record was inconclusive and somewhat conflicting.

The State contends that the evidence of the prior identification was cumulative and corroborative of other evidence and was thus admissible or in the alternative that it was harmless error on the whole record. The State also argues that since the evidence was prior sworn testimony elicited at a preliminary hearing it was therefore admissible and that in any event it was admissible to overcome the surprise which resulted from Centofante's testimony.

It is clear, of course, that the testimony of the assistant State's attorney that Mark Centofante had previously identified the defendant as the Luco Pavone who was involved with him in the crimes charged is hearsay. Whether its admission may be justified as an exception to the hearsay rule is doubtful.

■■ The State's argument that the testimony substantially satisfies the right of confrontation which forms a basis for the hearsay rule is not persuasive. The cases cited by the State stand for the proposition that when a defendant has been positively identified in court by a witness or witnesses who observe him in the commission of the crime hearsay evidence of a prior identification by the witness which would tend to corroborate the in-court identification will not be considered error since the identifying witnesses are in court and subject to cross-examination, thus substantially satisfying the purpose of the evidentiary rule. (See, *e.g.*, *People v. Sterling*, 341 Ill. 112, 117-18 (1930). See also *People v. Carpenter*, 28 Ill. 2d 116, 121 (1963).) *People v. Harrison*, 25 Ill. 2d 407, 414 (1962), cited by the State, in fact, makes the distinction also referred to in *Sterling* (page 118) that the hearsay evidence may not be used to "close the gap" resulting from the failure or refusal of the complaining witness to identify the defendant at trial. See also *People v. Keller*, 128 Ill. App. 2d 401, 408 (1970) cited by the State which holds that if the witness who identifies the defendant in court testifies that he previously identified the defendant the purpose of the hearsay rule is satisfied since the identification witness is in court and subject to cross-examination. Here the complaining witness did not identify the defendant in court and the hearsay testimony of the assistant State's attorney cannot be used as substantive evidence of identification.

■■■ Further, the State cannot claim the right to introduce hearsay

evidence of identification on the ground that it was surprised by Mark Centofante's testimony at trial which was allegedly inconsistent with his positive identification of the defendant at the preliminary hearing. It is true that when a witness unexpectedly gives testimony against the party calling him he may be impeached by prior inconsistent statements and if he persists in a denial of previous statements the facts sought to be proved by the witness may be proved by other witnesses. (See *People v. O'Gara*, 271 Ill. 138, 143 (1915).) At trial, however, the State neither sought to make the witness a court's witness nor to impeach his credibility. Moreover, prior inconsistent statements may not, under Illinois law, be imparted to the jury as substantive evidence. (*People v. Collins*, 49 Ill. 2d 179, 194-98 (1971); *People v. Kelly*, 22 Ill. App. 3d 908, 914 (1974).)[1] The result here is that there was, in fact, no in-court testimony by Mark Centofante which identified the defendant. The State could not close this gap in the testimony by an effort to introduce hearsay evidence in the guise of impeaching an eyewitness.

■■ The State also argues without citation of authority that the proof of the testimony of Centofante at the preliminary hearing is admissible since it was sworn testimony given at a time when there was opportunity to cross-examine the defendant. In the recent case of *People v. Horton*, 65 Ill. 2d 413 (1976), the Illinois Supreme Court has noted the rule that the testimony of a witness at a preliminary hearing is admissible evidence at trial when the witness is unavailable at trial without fault of the State and when ample opportunity to cross-examine existed at the earlier hearing. It is questionable whether a witness is "unavailable" when he is present and testifies to some matters but fails to recollect certain other matters about which he testified at the preliminary hearing, since he has been accepted as competent to testify and thus cannot be said to be incapable of giving testimony. See *People v. Cox*, 87 Ill. App. 2d 243, 249 (1967).[2]

However, we conclude that on the totality of the record the error was harmless beyond a reasonable doubt. (*Chapman v. State of California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, 828 (1967).) Incompetent evidence of the previous identification may be harmless beyond a reasonable doubt if what it intends to prove is otherwise proven. (*People v. Sterling*, 341 Ill. 112, 118.) Here there is no substantial likelihood of a misidentification. While Mark Centofante was "not sure" in court of the

[1] Assuming without deciding that the in-court testimony of Mark Centofante was, in fact, inconsistent with his prior testimony we note that there is a decided tendency in other jurisdictions to allow prior inconsistent statements as substantive evidence. See 1971 U. Ill. L.F. 557, 594, 596.

[2] One writer has suggested that even a partial inability to recall should be treated as unavailability within the rule permitting prior testimony. (See McCormick, Evidence 611-12 (1972).) Federal Rule of Evidence 613 includes one who testifies to the lack of memory of his statement as "unavailable." See 4 Weinstein's Evidence 804—3 (1975).

identity of the defendant he did not deny that defendant was the Luco Pavone who accompanied him. Proof of defendant's guilt beyond a reasonable doubt was, in fact, not entirely dependent upon Mark Centofante's identification testimony. Centofante's testimony clearly implicates a person named Luco Pavone. The testimony of Centofante's mother clearly proved that the defendant she identified in court as Luco Pavone was the same person she had seen in the company of her son shortly before the crimes. She also testified that defendant had driven away at that time with her son in a green car. That Luco Pavone used a green car owned by his mother was established. And the identity of the defendant was further corroborated by the comparison of his footprints in the snow at the scene of the crimes.

■■ Defendant's final claim that the court erred in not giving a cautionary instruction on identification does not raise an issue of reversible error. The defendant had not tendered such an instruction, did not object to the instruction given and therefore has waived the claim. See *People v. Jones*, 131 Ill. App. 2d 361, 364 (1971).

We therefore affirm the judgments.

Affirmed.

RECHENMACHER, P. J., and GUILD, J., concur.