THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LYNN MICHAEL PATES, Defendant-Appellant.

Third District    No. 79-205

Opinion filed January 24, 1980.

Dennis DePorter, of Braud, Warner, Neppl & Westensee, of Rock Island, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Lynn Pates appeals from a conviction of possession with intent to deliver more than 500 grams of cannabis, in violation of section 5(e) of the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 705(e)). Following a jury trial, Pates was sentenced to four years probation, with

150 days to be served in the Knox County jail, and he was also fined $4,000. Pates had no prior criminal arrests.

The record discloses that on May 22, 1978, Craig Bultemeir, age 17, was arrested for unlawful delivery of cocaine. Bultemeir was informed that he would receive "hard time" unless he aided his arresting officers in making additional narcotics arrests. At the direction of Deputy William Muir, of the Knox County sheriff's department, Bultemeir telephoned defendant Pates, whom he had met on one previous occasion. He told Pates a story fabricated by Deputy Muir, which represented that he was in the company of two friends from Rockford who were interested in purchasing 10 pounds of marijuana. Pates replied that he had none.

The evidence is conflicting as to the degree of encouragement or discouragement given Bultemeir at this time. The first phone call occurred around 8 or 9 p.m. Bultemeir, again at Deputy Muir's request, called Pates back at least four more times, i.e., at midnight, 1:30 a.m., 3 a.m., and 7:30 a.m. Pates says that he received an additional call from Bultemeir about an hour after the first call. During the night, Gregg Bacon, who was a friend of Pates, told Pates that two friends of his, Stephen Hall and Ronald Boone, had marijuana for sale. When Bultemeir called at 1:30 a.m., Pates informed him that he knew someone with marijuana for sale. A meeting was arranged to take place at the Sheraton Motel to complete the transaction. An arrest squad was assembled at the Sheraton. At 3 a.m. and 7:30 a.m. calls were made from the Sheraton. At around 8:30 a.m., Pates appeared in his own car, a white and black MG, followed by Hall and Boone in a Datsun pickup truck. Agent Ziegenbein, of the Illinois Department of Law Enforcement, dressed in plain clothes, approached the defendant. The defendant offered him two marijuana cigarettes as samples. Agent Ziegenbein was accompanied by an Agent Blackburn. The two agents then approached the pickup truck, where they were shown two five-pound bags of marijuana. Agent Ziegenbein testified that he then asked defendant Pates the price and Pates replied, "$4,000." Agent Blackburn testified that he had heard "$4,000," but was not sure who made the statement. Agent Ziegenbein then gave a signal to the other agents, and all of the suspects were arrested.

Agent Blackburn testified that after the arrests he observed a partially burned marijuana cigarette in the ashtray of defendant's MG. He then searched the car and found a small quantity of marijuana under the driver's seat, and a few grams of marijuana in the pocket of a jacket in the back seat of the car. These were all introduced into evidence.

At the trial, the defendant asserted the affirmative defense of entrapment. An entrapment instruction was offered by the State, and an alternative instruction was offered by defendant. The court accepted the State's instruction and rejected the instruction tendered by defendant.

The defendant's proposed instruction was Illinois Pattern Jury Instructions, Criminal, No. 24.04 (1968) (hereinafter IPI Criminal):

"It is a defense to the charge made against the defendant that he was entrapped, that is, that for the purpose of obtaining evidence against the defendant he was incited or induced by an agent of a public officer to commit a crime which he otherwise would not have committed.

However, the defendant was not entrapped if an agent of a public officer merely afforded to the defendant the opportunity or facility for committing a crime in furtherance of a criminal purpose which the defendant originated."

The instruction submitted by the State and actually read to the jury was a modification of the pattern instruction, the second sentence of which was in the following language:

"However, the defendant was not entrapped if an agent of a public officer merely afforded to the defendant the opportunity or facility for committing a crime which he was willing to commit."

The pattern instruction contains an optional clause, which may be added in an appropriate case. The second sentence of IPI Criminal No. 24.04 reads, in its entirety:

"However, the defendant was not entrapped if an agent of a public officer merely afforded to the defendant the opportunity or facility for committing a crime [which he was willing to commit] in furtherance of a criminal purpose which the defendant originated."

■■ While the tendered clause, "which he is willing to commit," may be added to the instruction in an appropriate case, the last phrase of the sentence, "in furtherance of a criminal purpose which the defendant originated" is not optional. A showing that defendant is willing to commit the crime is not enough to overcome the defense of entrapment. A demonstration that he is willing to commit it in furtherance of a criminal purpose which he originated is enough to overcome the defense.

■■ Our Supreme Court Rule 451 (Ill. Rev. Stat. 1977, ch. 110A, par. 451) states:

"(a) Use of IPI-Criminal Instructions * * * Whenever Illinois Pattern Instructions in Criminal Cases (IPI-Criminal) contains an instruction applicable in a criminal case, giving due consideration to the facts and the governing law, and the court determines that the jury should be instructed on the subject, the IPI-Criminal instruction shall be used, unless the court determines that it does not accurately state the law."

Since the adoption of Illinois Supreme Court Rule 451(a), it is the rule that the approved uniform instructions shall be used and modified only where

the facts make the uniform instruction inadequate. Only when there is no IPI instruction that accurately reflects the applicable law should a non-IPI instruction be given. *People v. Dordies* (1978), 60 Ill. App. 3d 621, 377 N.E.2d 245.

The State's instruction, as submitted to the jury, deviates significantly from the IPI instruction, to the prejudice of the defendant. The defense of entrapment has been codified in Illinois (Ill. Rev. Stat. 1977, ch. 38, par. 7—12), which defines the defense of entrapment as follows:

> "Entrapment. A person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person. However, this Section is inapplicable if a public officer or employee, or agent of either, merely affords to such person the opportunity or facility for committing an offense in furtherance of a criminal purpose which such person has originated."

The second sentence of this statute, as reflected accurately in the second sentence of IPI Criminal No. 24.04, specifies that there is no entrapment when defendant has originated the criminal intent, and that the public officer or his employee or agent has merely afforded to a defendant the opportunity or facility for committing the offense. The State's instruction, as read to the jury, maintains that there is no entrapment if the defendant willingly commits a crime. It is an element of the crime for which the defendant was charged that he possessed the cannabis with the intent to deliver it. One cannot have an intent without a degree of willfulness. The jury had been instructed that if the other elements of the crime were proven, the defense of entrapment would be unavailable to defendant. As we have noted, this is not an accurate interpretation of the law, as defined in IPI Criminal No. 24.04, and would, by its terms, normally make a case of entrapment unavailable in narcotics cases.

■ The defendant did not claim the defense of duress in the instant case. His willingness to commit a crime, at some time, is not in issue here. That such intent has been proven should in no way affect his entrapment defense. (See *People v. Swimley* (1978), 57 Ill. App. 3d 116, 129-30, 372 N.E.2d 887, 897, *cert. denied* (1978), 439 U.S. 911, 58 L. Ed. 2d 257, 99 S. Ct. 281.) The question is not whether the defendant intended to commit the crime, but whether the intent originated in his mind. (See *People v. Outten* (1958), 13 Ill. 2d 21, 25, 147 N.E.2d 284; *People v. Cross* (1979), 77 Ill. 2d 396, 396 N.E.2d 812.) As stated in *People v. Cross* (where the controlled substance was supplied by a government informer), the criminal purpose of *selling* the substance originated in the defendants.

■ The State maintains that its instruction accurately reflects the law. It asserts the proposition that, because the entrapment statute, when

enacted, reflected the common law as expressed by our supreme court, the courts of this State are empowered to modify the statute. We cannot agree with that proposition. The State further asserts that the courts have, in fact, changed the definition of entrapment from that expressed in the statute. The State cites several cases in which the initial contact between the police agent and the seller of contraband was effected by the police agent, yet no entrapment was found. (*People v. Clay* (1965), 32 Ill. 2d 608, 210 N.E.2d 221; *People v. Hall* (1962), 25 Ill. 2d 297, 185 N.E.2d 143; *People v. Andreano* (1978), 64 Ill. App. 3d 551, 381 N.E.2d 783; *People v. Villanueva* (1977), 46 Ill. App. 3d 826, 361 N.E.2d 357; *People v. Cazaux* (1969), 119 Ill. App. 2d 11, 254 N.E.2d 797; *People v. Washington* (1967), 81 Ill. App. 2d 162, 225 N.E.2d 673.) These cases are not contradictory to the statute. The statute does not say that there is entrapment when the police agent initiates the contact that leads to the offense. The statute says that there is *not* entrapment when the criminal purpose has originated with the defendant. (See *People v. Jensen* (1976), 37 Ill. App. 3d 1010, 347 N.E.2d 371.) The pattern instruction clearly reflects the statute. Since the statute accurately reflects the law, the pattern instruction should have been given. We recognize the difficulty a jury might have in taking the view that the criminal purpose of *selling* the substance originated with defendant, as stated in the *Cross* opinion. We find no basis, however, to authorize approval of the instruction as modified by the State.

The State maintains that even if its tendered instruction is inaccurate, any error was harmless beyond a reasonable doubt. We cannot agree. The State maintains that it modified the pattern instruction because that instruction would confuse the jury. The pattern instruction says that there is no entrapment when the criminal purpose originated with the defendant. In so stating, it follows the words and meaning of the statute. The State argues that such an instruction would lead the jury to believe that there is no entrapment if original contacts were initiated by the police agent. While we agree that this may be true, we do not agree that one can thereby justify the giving of an instruction that eliminates the entrapment defense, as we have noted. Such an instruction would clearly prejudice the defendant in this case and cannot be dismissed as harmless beyond a reasonable doubt.

We do, however, disagree with the defendant's proposal that we must dismiss this case. We cannot say that a reasonable jury, if properly instructed, would necessarily find that defendant here had been entrapped. Entrapment is a factual matter to be determined by a jury. (*People v. Villanueva* (1977), 46 Ill. App. 3d 826, 830, 361 N.E.2d 357.) The evidence in this case was contradictory. Three versions of the telephone conversation between Bultemeir and the defendant were presented at trial. Pates testified as to what he and Bultemeir said to one

another. Bultemeir testified as to what Pates said to him and as to what had been said to Pates. Detective Muir testified as to what Bultemeir said into the phone, and what Bultemeir said to him, and what Bultemeir told him Pates had said to Bultemeir. None of these statements were exactly alike. As the hearsay involved was neither objected to at the trial nor briefed on appeal, we will not go into the exceptions to the hearsay rule which might have rendered any or all of this testimony competent.

■■ We note that the leading Federal case of *Sorrells v. United States* (1932), 287 U.S. 435, 77 L. Ed. 413, 53 S. Ct. 210, cited with favor in numerous Illinois cases, remanded to a Federal district court, for determination by a jury, the question of entrapment in a Prohibition Act case bearing certain factual similarities to the instant case. (See also *People v. Villanueva* (1977), 46 Ill. App. 3d 826, 361 N.E.2d 357.) Accordingly, we do not find entrapment as a matter of law. We do, however, remand with the direction that both IPI Criminal No. 24.04 and IPI Criminal No. 25.04 be given to the jury upon retrial of this cause.

●■■ A final contention made by defendant is that the introduction of People's Exhibits 5, 6, 7 and 8 was improper. People's Exhibit 5 was a partially burned marijuana cigarette found in Pates' MG. People's Exhibits 6 through 8 were small quantities of marijuana, totaling some 12 grams, or half an ounce, found in part under the driver's seat and in part in a pocket of a jacket lying on the rear seat of the car. The State admits that this marijuana was not of the same type as the 10 pounds which the defendant here is charged with possessing with intent to sell. We agree with defendant that the marijuana found in his sports car is not probative of the offense charged in the instant case. It is merely probative of the fact that defendant and/or a passenger in his car, used or possessed marijuana. It bears no relation to the crime of possession with intent to deliver. As evidence of another crime, it is clearly prejudicial to the defendant. (See *People v. Novotny* (1922), 305 Ill. 549, 137 N.E. 394.) Obviously, the possession of a small quantity of marijuana is not probative of a pattern of marijuana delivery on the part of the defendant. (See *People v. Gleason* (1962), 36 Ill. App. 2d 15, 183 N.E.2d 523.) Consequently, we direct that upon retrial of this cause, People's Exhibits 5, 6, 7 and 8 be excluded from evidence.

For the reasons stated, therefore, the judgment of the Circuit Court of Knox County and the consequent sentence are reversed and this cause is remanded to the Circuit Court of Knox County for a new trial.

Reversed and remanded.

STENGEL and SCOTT, JJ., concur.